CLAIBORNE E. GLIDEWELL, JR., *v.* JANE MORRIS.

[42 South. Rep., 537.]

HABEAS CORPUS. *Custody of infant. Polestar of inquiry.*

In determining to whom the custody of an infant of tender years shall be awarded the polestar of the inquiry is the interest of the child.

FROM the chancery court of, second district, Chickasaw county.

HON. JOHN Q. ROBINS, Chancellor.

Glidewell, the appellant, was complainant in the court below; Mrs. Morris, the appellee, was respondent there. From a decree in favor of respondent, the complainant appealed to the supreme court.

The appellant began *habeas corpus* proceedings to obtain from Mrs. Morris, the child's grandmother, its mother being dead, the custody of his infant son, Jesse, between two and three years of age. The mother of the child had undertaken to devise its custody to Mrs. Morris, the respondent, and upon the trial she set up the will of her deceased daughter, and in addition averred that appellant was insolvent, often became intoxicated, and was generally unfit to have the custody of the child. The appellant denied these charges, claimed that he was morally worthy and financially able to care for his child, and that the interest of the child would be promoted by the award of its custody to him. He controverted the authority of the deceased wife to affect his parental right by will, and in turn contended that because of her advanced age, the respondent was not so well qualified to promote its best interests as was petitioner. The evidence was conflicting and some parts of it tended to support the contention of each of the parties.

*A. T. Stovall,* for appellant.

Appellant is about thirty, and appellee about seventy, years of age.    The whole case is merely that of a mother-in-law coming in between husband and wife during their joint lives, and later, after the death of the wife, trying to keep the father from the possession of his child.    Ever since his marriage, appellant has been considerate of his mother-in-law's wishes, and during his wife's lifetime, for the family peace, decided to leave his mother-in-law's neighborhood.    His wife, however, refused to go with him, and retained the child, so he went alone in order to make a living for them and in order to live in peace.

It is denied that appellant is, or ever was since his marriage, insolvent, or that he drank to excess, or that he is unfit morally or otherwise to have the custody of his child.    Selfish love and jealousy for the child on the part of appellee, coupled with her ill-feeling toward appellant, alone urged her to refuse to give up the child to his father's keeping.

As regards the claim of appellee to the child under the will of the mother, and in fact as regards the whole case, this court will reverse this case, under its previous holding in *Hibbette* v. *Baines,* 78 Miss., 695 (29 South. Rep., 80).

*Buchanan & Buchanan,* for appellee.

[The brief for appellee was withdrawn or lost from the record before it reached the reporter, and could not be found by him, hence a synopsis of it is not given.]

WHITFIELD, C. J., delivered the opinion of the court.

After careful consideration of the record, we are constrained to differ from the learned chancellor in the court below in the conclusion reached by him in this case.    The polestar in such an inquiry is the interest of the child, and in view of the case made by this record we think it is clear that that interest is best subserved by awarding his custody to his father.    *Hibbette* v. *Baines,* 78 Miss., 695 (29 South. Rep., 80; 51 L. R. A., 839).

*Reversed, and a decree here for appellant.*